PER CURIAM.
The- above three cases were consolidated for this proceeding because they arose out of a motor vehicle accident which occurred *838 when Robert Wayne Williams (Williams) struck Mark Ivey Nelms (Nelms) causing Nelms serious injuries. We affirm in case numbers 97-00668 and 97-01843, but reverse in case number 97-02881.
On December 8, 1994, Nelms was standing in the median of Tampa Road in Pinellas County when he was struck by a vehicle driven by Williams. After striking Nelms at high speed, Williams continued into his apartment complex with Nelms lodged in the undercarriage of his vehicle. As a result of the accident, Nelms suffered a closed head injury and injuries to his back, neck, shoulder, and legs. Thereafter, the State charged Williams with one count of leaving the scene of an accident involving injuries, a second-degree felony, and one count of driving under the influence of alcohol beverages or controlled substances, a third-degree felony.
On June 5, 1995, the State and Williams entered into a plea agreement whereby Williams would be adjudicated guilty, placed in the Pinellas County Jail for six months, to be followed by three years’ probation. The plea agreement required Williams to pay a $1000 fine and have his driver’s license suspended for one year. In addition, Williams agreed to make restitution based on sums that Williams’ insurance company paid to Nelms or otherwise to have the matter reserved for later consideration. After several proceedings which are not significant to this appeal, the criminal trial judge, following a full evidentiary hearing, ordered Williams to pay $3,532,278.29 in restitution. We affirm the amount of restitution without further discussion and, therefore, affirm the trial court’s ruling in case number 97-00663.
Thereafter, Massachusetts Bay Insurance Company, the liability insurer for Williams and Williams Products, Inc., a co-owner of the vehicle, filed a declaratory action against both their insured, Williams, and the victim, Nelms. Massachusetts Bay contended that it was not responsible for the restitution imposed upon Williams in the criminal proceeding. After Williams failed to file a responsive pleading, the trial court entered a default judgment against him. Thereafter, Massachusetts Bay moved for summary judgment against Nelms. The trial court granted summary judgment in favor of Massachusetts Bay in ease number 97-01843, and we affirm that order.
In the final ease involved in this appeal, Nelms and his wife brought a civil action for damages against Williams and Williams Products, Inc. The trial judge entered summary judgment on the issues of liability, causation, and economic damages in favor of Nelms based upon the restitution award in the criminal proceeding, reserving the issue of non-economic damages for trial. Thereafter, Williams and Williams Products, Inc., filed a petition for writ of certiorari based on the trial court’s entry of summary judgment. Howeyer, since a petition for writ of certiora-ri is not appropriate in case number 97-02881, it will be treated as an appeal from a nonfinal order pursuant to Florida Rules of Appellate Procedure 9.130(a)(3)(C)(iv).
The entry of the summary judgment in favor of the Nelms on the issues of liability, causation, and economic damages effectively precluded the insurer, Massachusetts Bay, of its opportunity to litigate the issues of causation and economic damages. Massachusetts Bay’s policy with Williams contains the following provision: “We will pay all sums an ‘insured’ legally must pay as damages because of ‘bodily injury’ or ‘property damage’ to which this insurance applies, caused by an ‘accident’ and resulting from the ownership, maintenance or use of a coverage ‘auto.’ ” The policy also provides that “we have the right and duty to defend any suit asking for such damages.” The policy defines the word “suit” as a “civil proceeding in which damages to which this insurance applies are alleged.”
Because Massachusetts Bay has the right to defend its insured in this suit seeking damages, it was error to grant the summary judgment. See Irvine v. Prudential Property & Cas. Ins. Co., 630 So.2d 579 (Fla. 3d DCA 1993). We, therefore, conclude that the entry of summary judgment in case number 97-02881 precluded Williams and Williams Products, Inc., and ultimately Massachusetts Bay, from a full civil proceeding on all issues to which they were entitled.
*839 We affirm in ease numbers 97-00663 and 97-01843, but reverse in case number 97-02881.
PARKER, C.J., and PATTERSON and GREEN, JJ., concur.