630 So.2d 579 (1993)
Charles E. IRVINE and Jeannete P. Irvine, his wife, and Christopher Welsh, Appellants,
v.
PRUDENTIAL PROPERTY AND CASUALTY INSURANCE CO., Appellee.
No. 92-597.
District Court of Appeal of Florida, Third District.
May 25, 1993.
Dittmar & Hauser, P.A., and Helen Ann Hauser, Coconut Grove, for appellants.
Kubicki, Draper, Gallagher & McGrane, P.A., and Betsy E. Gallagher, Miami, for appellee.
Before HUBBART, JORGENSON and COPE, JJ.
COPE, Judge.
Charles and Jeanette Irvine and Christopher Welsh, their son, are insured under a homeowners policy with Prudential Property and Casualty Insurance Co. The insureds were sued after an incident in which Christopher struck Tony Hudson in the eye. The original complaint against the insureds alleged both negligent and intentional acts by Christopher and further alleged negligent supervision by the Irvines. The insureds notified Prudential of the lawsuit and requested coverage and defense of the action for all family members.
Prudential filed a separate declaratory action against Christopher and the Irvines, alleging that under the facts of this case Christopher's actions were intentional within the meaning of the policy's exclusionary language, so that there was no coverage for, nor a duty to defend, either Christopher or the Irvines for this incident. Thereafter, Prudential moved for and was granted summary judgment on this basis. The Hudsons, plaintiffs herein, were not made a party to the declaratory action. We reverse.
It is well settled law that an insurer's duty to defend arises from the allegations in the complaint. National Union Fire Ins. Co. v. Lenox Liquors, Inc., 358 So.2d 533 (Fla. 1977). The duty is determined solely by the allegations against the insured, not by the actual facts, nor the insured's version of *580 the facts. Reliance Ins. Co. v. Royal Motorcar Corp., 534 So.2d 922, 923 (Fla. 4th DCA 1988), review denied, 544 So.2d 200 (Fla. 1989). It is equally well settled that the duty to defend is broader than, and distinct from, its duty to indemnify. Florida Ins. Guaranty Ass'n v. Giordano, 485 So.2d 453, 456 (Fla. 3d DCA 1986). Where some allegations set out in the complaint require the insurer to defend the insured and some allegations do not, the insurer must provide a defense on the entire suit. Tire Kingdom, Inc. v. First Southern Ins. Co., 573 So.2d 885, 887 (Fla.3d DCA 1990). See also Morgan Int'l Realty, Inc. v. Dade Underwriters Ins. Agency, Inc., 617 So.2d 455, 458 (Fla. 3d DCA 1993), and cases cited therein.
The insurer is attempting to bypass this established law by using the declaratory judgment action as a "mini trial" to resolve all issues vis-a-vis the insureds on the merits, without the participation of the plaintiffs. While the insurer relies on Allstate Ins. Co. v. Conde, 595 So.2d 1005 (Fla. 5th DCA 1992) (en banc),[1] we decline to follow it. We believe that the better process is to require the insurer to defend the action under a reservation of rights. We agree with Judge Sharp's separate opinion in Conde that "if one must be [inconvenienced by defending a lawsuit], the proper choice ought to be the insurance company because it has sold and been paid for something beyond a contract to indemnify  a duty to defend its insured in any lawsuit, which on its face, could encompass insurance coverage." Id. at 1009 (Sharp, J., concurring in part and dissenting in part) (footnote omitted).
Here, the insurance company sold a homeowners policy to its insureds. In the policy the insurer promised to defend the homeowners if they were sued for negligence. The plaintiff brought suit for negligence as well as intentional acts. The insurer is therefore obliged to provide a defense so long as the negligence claims are in the case. That is so because the insureds are at risk on the negligence claims until the negligence claims are disposed of.
The insurer complains that the proof will ultimately show the defendant son's acts to have been intentional, not negligent. That may be so, but at present the suit has been pled alternatively on negligent or intentional acts, and is pending on that basis. The uncertainty of the ultimate outcome is inherent in the risk assumed by the insurance company when it included in the insurance policy the duty to defend.[2]
Taking the facts as alleged in the complaint in the light most favorable to the insureds as the nonmoving party, we find that there are facts alleged which bring Christopher's actions within policy coverage. The allegations against the Irvines are even more compelling. The parents were sued solely for negligence, a covered claim under the policy. Since the policy itself states that "[t]his insurance applies separately to each insured," there is no basis for finding that an alleged intentional act by Christopher bars coverage for the alleged negligent acts of the Irvines.
Because we find that Prudential has an obligation to defend the insureds in this case, the question of whether the court abused its discretion in denying Christopher's motion for stay pursuant to the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C.App. § 521, as amended, is moot.
Reversed.
NOTES
[1] The majority in Conde would require that the plaintiff be joined as a party to the declaratory judgment action. In effect under Conde, the trial of the entire case is moved into the declaratory judgment action, but with the insureds having to pay their own attorney's fees.
[2] We also note that the procedure followed below leaves the insureds exposed to the risk of inconsistent adjudications. When Prudential filed the declaratory judgment action, it joined only its insureds as defendants  but not the plaintiff. The trial court's ruling therefore had no effect on the plaintiff, who remains free to proceed against the homeowners for negligence as well as intentional acts. In Conde, by contrast, all parties were joined in the declaratory judgment action. 595 So.2d at 1008.