632 So.2d 1054 (1994)
PREMIER INSURANCE COMPANY, Appellant,
v.
Charles E. ADAMS, Randy Charles Adams, Carolyn Adams, Evan Rhind, Patricia Rhind, J. Barrie Rhind and Phoenix Insurance Company, Appellees.
Nos. 93-860, 93-1328.
District Court of Appeal of Florida, Fifth District.
January 28, 1994.
Rehearing Denied March 10, 1994.
*1055 G. Yates Rumbley of Eubanks, Hilyard, Rumbley, Meier & Lengauer, P.A., Orlando, for appellant.
C. Christopher Killer of Rowland, Thomas & Jacobs, P.A., Orlando, for appellees Charles E. Adams, Randy Charles Adams and Carolyn Adams.
Roger D. Helms and K. Michael Cullen of Troutman, Williams, Irvin, Green & Helms, P.A., Winter Park, for appellees Evan Rhind, Patricia Rhind, and J. Barrie Rhind.
No Appearance for appellee Phoenix Ins. Co.
GOSHORN, Judge.
The parents of a minor brought suit against Randy and Carolyn Adams and their minor son, Charles, alleging that Charles had sexually abused their child. Count I alleged a negligence count against Charles. Count II alleged negligent supervision by Randy and Carolyn, and Count III alleged negligence against Randy and Carolyn. The Adamses demanded that their homeowner's insurance carrier, Premier Insurance Company (Premier), defend them. In response, Premier filed a complaint for declaratory judgment, asserting that it was in doubt of its obligations under the policy. The trial court ultimately entered a final declaratory judgment finding Premier had an obligation to defend the Adamses only on the negligent supervision count. We affirm.
We find that the controlling factor in this case is whether the language in the insurance policy is ambiguous. If ambiguity is found to exist, the policy language should be liberally construed in favor of the insured and against the insurer. Harris v. Carolina Life Ins. Co., 233 So.2d 833 (Fla. 1970); Rabatie v. U.S. Sec. Ins. Co., 581 So.2d 1327 (Fla. 3d DCA 1989), review dismissed, 589 So.2d 294 (Fla. 1991). Policy provisions which tend to limit or avoid liability are to be construed most liberally in favor of the insured and strictly against the insurer. National Auto Ins. Ass'n v. Brumit, 98 So.2d 330 (Fla. 1957); Tire Kingdom, Inc. v. First S. Ins. Co., 573 So.2d 885 (Fla. 3d DCA 1990), review denied, 589 So.2d 290 (Fla. 1991).
The following provisions of the insurance policy are pertinent to our review:
3. "Insured"  means you and residents of your household who are:
a. your relatives: or
b. other persons under the age of 21 and in the care of any person named above.
* * * * * *
SECTION II  YOUR LIABILITY COVERAGE
COVERAGE E  Personal Liability
If a claim is made or a suit is brought against an insured for damages because of bodily injury, personal injury, or property damage caused by an occurrence to which this coverage applies we will:
1. pay up to our limit of liability for the damages for which the insured is legally liable ...
* * * * * *

SECTION II  LIABILITY LOSSES WE DO NOT PAY FOR
1. Coverage E  Personal Liability and Coverage F  Medical Payments to Others do not apply to bodily injury or property damage:
a. which is expected or intended by any insured. [Emphasis added].
* * * * * *

*1056 SECTION II  CONDITIONS

* * * * * *
2. Severability of Insurance. This insurance applies separately to each insured. This condition will not increase our limit of liability for any one occurrence.
Premier contends that the term "any insured" contained in the exclusionary clause excludes all persons insured under the policy for underlying intentional acts notwithstanding the language of the severability clause. Appellees contend that the construction urged by Premier would make the severability clause a nullity and render it superfluous and at the very least the exclusionary clause is ambiguous and should be construed in favor of the insured. Our research revealed no Florida cases dealing with the interaction of exclusionary clauses and severability clauses or the term "any insured" as contrasted to "an insured" or "the insured" in an exclusionary clause. However, this problem has been considered and dealt with in other jurisdictions, resulting in conflicting decisions.
In Worcester Mutual Insurance Co. v. Marnell, 398 Mass. 240, 496 N.E.2d 158 (1986) the Supreme Court of Massachusetts held that parents who were sued on the theory of negligent supervision of their son were covered under a homeowner's policy even though the actions of the son were intentional. The homeowner's policy included a severability clause which applied separately to each insured and the court held that the severability clause created, in effect, a separate insurance policy for each insured. The term "any insured" in a motor vehicle exclusion in the policy referred only to persons claiming coverage under the policy and did not preclude the parents from obtaining coverage under the policy in connection with a motor vehicle accident involving their son, an unnamed insured under the policy. In Catholic Diocese of Dodge City v. Raymer, 251 Kan. 689, 840 P.2d 456 (1992), the Kansas supreme court held that parents who were sued on the theory of negligent failure to supervise their child were covered under a homeowner's insurance policy that excluded coverage for intentional acts, where the policy contained a severability clause. The court construed the exclusionary clause narrowly which excluded coverage for damage "caused intentionally by or at the direction of an insured." Id. 840 P.2d at 458 (emphasis added). In Northwestern Nat'l Ins. Co. v. Nemetz, 135 Wis.2d 245, 400 N.W.2d 33 (App. 1986), review denied, 134 Wis.2d 458, 401 N.W.2d 10 (1987), the Wisconsin supreme court held that an insurance policy afforded liability coverage to a wife regardless of her husband's culpability in setting a fire where the policy contained an exclusion for liability damage expected or intended by an insured but also contained a severability clause. The court found the policy to be ambiguous because the severability clause created a reasonable expectation that each insured's interests would be separately covered and therefore construed the policy against the insurance company. That court also held, in Hedtcke v. Sentry Ins. Co., 109 Wis.2d 461, 326 N.W.2d 727 (1982), that a policy exclusion for an intentional act of "the insured" did not bar liability coverage to the "innocent" spouse of a man who intentionally destroyed the couple's home. See also Republic Ins. Co. v. Jernigan, 753 P.2d 229 (Colo. 1988) (holding that the wife was a separate insured under a severability clause in the policy which named the husband and wife as joint insureds and that the wife was covered under the homeowner's policy even though the husband had intentionally set fire to the home).
However, in Chacon v. American Family Mutual Insurance Co., 788 P.2d 748 (Colo. 1990) (Quinn, C.J., dissenting), the Supreme Court of Colorado came to a different conclusion. The court held that parents whose minor child vandalized school property were not covered under their homeowner's policy. The policy defined "insured" as the parents and their minor children. The policy contained a severability clause as to each insured. The policy also contained an exclusion for damages which resulted from expected or intended acts of any insured. The court held that the policy language excluding "any insured" unambiguously expressed a contractual intent to create joint obligations and to prohibit recovery by an innocent coinsured. See also Travelers Ins. Co. v. *1057 Blanchard, 431 So.2d 913 (La. App. 1983) (coverage of parents excluded in policy which excluded coverage for intentional acts by "an insured").
After weighing the alternatives, we find the reasoning of the Massachusetts Supreme Court in Worcester persuasive. The Worcester court held that a severability clause contained in the policy required that each insured be treated as having separate insurance coverage. The Worcester court acknowledged that its interpretation of the exclusionary clause rendered the term "any insured" superfluous, but held that such interpretation was preferable to one which would "render the entire severability clause meaningless." Id. 496 N.E.2d at 161. The court found its interpretation gave reasonable meaning to both the exclusionary clause and the severability clause. See also West Bend Mutual Ins. Co. v. Salemi, 158 Ill. App.3d 241, 110 Ill.Dec. 608, 511 N.E.2d 785 (holding that "any insured" language could be interpreted as denying coverage only to the culpable party), appeal denied, 116 Ill.2d 577, 113 Ill.Dec. 320, 515 N.E.2d 129 (1987).
We agree with Worcester that an interpretation which gives a reasonable meaning to all provisions of a contract is preferred to one which leaves a part useless or inexplicable. First Nat'l Bank v. Savannah, F. & W. Ry. Co., 36 Fla. 183, 18 So. 345 (1895); Curtiss-Wright Corp. v. Exhaust Parts, Inc., 144 So.2d 822 (Fla. 3d DCA 1962). See Restatement (Second) of Contracts, § 202(2) (1981). Further, when an insurance policy is ambiguous or fairly susceptible to two reasonable interpretations, one of which is in favor of the insured and one of which is in favor of the insurer, the policy must be construed strictly against the insurer as drafter of the policy. Harris, Rabatie. The policy in the instant case includes the Adamses' minor son as an insured. The policy contains an exclusion for intentional acts of "any insured" and contains a severability clause creating a separate insurable interest in each individual insured. In accordance with the rules of construction of a contract, the most plausible interpretation is that the exclusionary clause is to exclude coverage for the separate insurable interest of that insured who intentionally causes the injury. With this interpretation, all provisions in the policy are given meaning and one provision is not rendered meaningless by the other.
AFFIRMED.
DIAMANTIS and THOMPSON, JJ., concur.