BOOTH, Judge.
Appellants appeal the trial court’s order granting summary judgment for Appellee, holding that an injury to Ms. Woodham, a hospital nurse, “arose out of the ‘loading’ ” of a patient into Croom’s van for transportation from the hospital and, therefore, was excluded from coverage under Croom’s general liability insurance policy with Appellee. The exclusion clause relied on by the trial court provides that the policy does not apply to injury arising out of the “loading or unloading” of an automobile operated by the insured. The accident in question occurred on the third floor of a hospital as Ms. Woodham assisted Croom’s employees in moving a patient from a hospital bed onto a Croom’s stretcher.
The issue on appeal is the construction of the policy provision excluding “loading” from coverage. The general rule is that terms of an exclusionary provision are to be narrowly construed in favor of coverage. Psychiatric Assocs. v. St. Paul Fire & Marine Ins. Co., 647 So.2d 134, 138 (Fla. 1st DCA 1994)(insurance policy exclusionary clause generally construed against insurer and in favor of coverage); Premier Ins. Co. v. Adams, 632 So.2d 1054, 1057 (Fla. 5th DCA 1994). The trial court, however, broadly construed the term “loading” to incorporate activities on the third floor of the hospital. This expanded definition of the term is beyond what is usually understood when referring to the loading of a vehicle and is clearly not a strict construction or one favoring coverage. United States Fidelity & Guar. Co. v. Helms, 413 So.2d 767 (Fla. 3d DCA)(holding that narrow definition of “unloading” applied to term as used in general liability insurance policy exclusionary clause, resulting in coverage for insured), on reh’g, 413 So.2d 769 (Fla. 3d DCA), rev. denied, 421 So.2d 518 (Fla.1982).
We conclude that at the time of the accident Appellants were engaged in preliminary acts in preparation for the bringing of the patient to the Croom’s van waiting outside and were not yet in the process of loading the vehicle. Wagman v. American Fidelity & Casualty Co., 304 N.Y. 490, 494, 109 N.E.2d 592, 594 (N.Y.1952)(narrow definition of loading “includ[es] only the immediate act of placing [objects] upon the vehicle, [and] ... excludes, unlike the broad definition,] the preliminary acts of bringing [objects] to the vehicle ... ”). Thus, the trial court’s order is reversed, and the case is remanded for proceedings consistent with this opinion.[1]
WOLF and VAN NORTWICK, JJ., concur.

. We distinguish General Accident Fire and Life Assurance Corp. v. Liberty Mut. Ins. Co., 260 So.2d 249 (Fla. 4th DCA 1972), which applied a broad definition of unloading, from the instant case because in General Accident the term in question was not in the exclusionary clause, but in the coverage provision. The court ruled that a broad definition of “unloading” applied to expand the coverage provision. In contrast, the *257 term in the instant case is used to exclude coverage, thereby requiring a narrow reading.