716 So.2d 289 (1998)
MACTOWN, INC., Appellant,
v.
CONTINENTAL INSURANCE CO., Appellee.
MONTICELLO INSURANCE CO., Appellant,
v.
MACTOWN, INC., Appellee.
Nos. 97-1650, 97-1651.
District Court of Appeal of Florida, Third District.
July 15, 1998.
*290 Marlow, Connell, Valerius, Abrams & Adler and William G. Edwards and William G. Liston, Miami, and Lewis A. Berns, Fort Lauderdale, for appellant Monticello Insurance Co.
Kurzban, Kurzban, Weinger & Tetzeli and Helena Tetzeli, Miami, for appellant and appellee Mactown, Inc.
Peterson, Bernard, Vandenberg, Zei, Geisler & Martin, for appellee, Continental Insurance Co.
Before NESBITT and FLETCHER, JJ., and JOHNSON, CLARENCE T., Jr., Senior Judge.
JOHNSON, CLARENCE T., Jr., Senior Judge.
Plaintiff Jocelyn Desrouleaux ("Desrouleaux"), sued Gordon B. Scott, Jr. ("Scott"), and Mactown, Inc. ("Mactown"), alleging that Scott placed his hands on her neck and made sexual comments to her. The complaint contained three counts: Count I was against Scott personally for battery; Count II was against Scott's employer, Mactown, on a respondeat superior theory for Scott's battery; and Count III was against Mactown for negligent retention of Scott.
Mactown had two insurers: Continental Insurance Company ("Continental"), and *291 Monticello Insurance Company ("Monticello"), with Continental having two policies and Monticello one. Continental originally defended Mactown but later withdrew its defense. Monticello did not defend Mactown under its policy.
Mactown filed a third party declaratory judgment action against both insurers. Relying on various exclusions, both carriers moved for summary judgment. The trial court granted Continental's motion but denied Monticello's motion, expressly finding that Monticello had a duty to defend. Both Mactown and Monticello have appealed.

I. Continental
With regard to its first policy, # NPA00600360, Continental relies on two exclusions to deny coverage: Exclusion 17 and Exclusion 4.
Exclusion 17 excludes coverage:
17. based on, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving:
a. any prior or pending litigation as of 01/06/93, or
b. any fact, circumstance, or situation, underlying or alleged in any prior or pending litigation as of 01-06-93....
Continental argues that since the events complained of occurred prior to January 6, 1993, the claim is barred.
Policy # NPA00600360 is a "claims made" policy. In such a policy, coverage is triggered if the negligent or omitted act is discovered and brought to the insurer's attention within the policy term.[1]Gulf Ins. Co. v. Dolan, Fertig & Curtis, 433 So.2d 512, 514 (Fla.1983) (quoting 7A Appleman, Insurance Law & Practice § 4504.01 at 312 (Berdal ed.1979)); see U.S. Fire Ins. Co. v. Fleekop, 682 So.2d 620, 621 (Fla. 3d DCA 1996), review denied, 691 So.2d 1082 (Fla. 1997). Unless the terms of the policy restrict the retrospective coverage, such retrospective coverage is unlimited. See Moncello v. Federal Ins. Co., 558 So.2d 1081 (Fla. 5th DCA 1990).
Continental's reliance on Section 17. b. of the policy is misplaced. Here, Desrouleaux instituted this action on August 14, 1994. There was no "prior or pending litigation as of 1-6-93." Further, even if one could somehow read into 17. b. that it excludes any events occurring prior to January 6, 1993, without regard to whether there was any "prior or pending litigation," the clause would be, at the most, ambiguous. Ambiguous clauses in insurance polices relating to coverage are to be construed in favor of coverage. See State Farm Mutual Auto. Ins. Co. v. Mallard, 548 So.2d 733, 735 (Fla. 3d DCA 1989); Joseph Uram Jewelers, Inc. v. Liberty Mut. Fire Ins. Co., 273 So.2d 111, 113 (Fla. 3d DCA 1972). Thus, coverage is not excluded on the basis of Exclusion 17.
Exclusion 4 excludes coverage for claims
based on, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving any actual or alleged libel or slander or oral or written publication of defamatory or disparaging material, bodily injury, sickness, disease or death of any person, or any damage to or destruction of any tangible property including loss of use thereof, or any invasion of privacy, wrongful entry, eviction, false arrest, false imprisonment, malicious prosecution, malicious use or abuse of process, assault, battery, mental anguish, emotional distress, or loss of consortium[.]
(emphasis added).
The first question is whether coverage of all claims brought by Desrouleaux against Mactown is excluded under this policy as a result of this provision. As stated above, the complaint in this case alleged both respondeat superior liability for Scott's battery, and negligent retention of Scott by Mactown.
We find that the negligent retention claim does not fall under the language of this provision. In construing exclusions in an insurance contract, the entire contract must be construed as a whole, see Franklin Life Ins. Co. v. Tharpe, 130 Fla. 546, 178 So. 300, 302 *292 (1938); Willingham v. Travelers Ins. Co., 483 So.2d 778, 779 (Fla. 3d DCA 1986), from the perspective of an ordinary person, Lindheimer v. St. Paul Fire and Marine Ins. Co., 643 So.2d 636, 638 (Fla. 3d DCA 1994).
Exclusion 4 covers a number of intentional torts. It does not specifically exclude negligent acts. From the "ordinary person perspective" this exclusion is, at best, ambiguous, and thus must be construed in favor of coverage. See Golden Door Jewelry Creations, Inc. v. Lloyds Underwriters Non-Marine Ass'n, 117 F.3d 1328, 1338 (11th Cir.1997); Croom's Transp., Inc. v. Monticello Ins. Co., 692 So.2d 255, 256 (Fla. 1st DCA 1997); Triano v. State Farm Mut. Auto. Ins. Co., 565 So.2d 748, 749 (Fla. 3d DCA 1990).
The claim of respondeat superior liability, however, clearly "arises out of the alleged battery. The problem of ambiguity does not arise where the claim is for vicarious liability of an intentional tort. Thus, there is no coverage for the respondeat superior claim.
The next issue is whether Continental has a duty to defend this action under this policy. Under Florida law, where part of the complaint falls within the scope of the insured's coverage, and part of it does not, the insurer must defend against the entire complaint, including those portions which are outside the scope of coverage. See Tire Kingdom, Inc. v. First Southern Ins. Co., 573 So.2d 885, 887 (Fla. 3d DCA 1990); American Hardware Mut. Ins. Co. v. Miami Leasing & Rentals, Inc., 362 So.2d 28, 28-29 (Fla. 3d DCA 1978); Tropical Park, Inc. v. United States Fidelity and Guar. Co., 357 So.2d 253, 256 (Fla. 3d DCA 1978). Thus, even though the respondeat superior claim falls outside the coverage of the policy, Continental is obligated to defend the entire action.
Continental next argues that there is no coverage under it's second policy issued to Mactown, policy # CPB06133941, because of an "employment-related practices" exclusion. This exclusion applies to:
"Bodily injury" arising out of any:
(1) Refusal to employ;
(2) Termination of employment;
(3) Coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or other employment-related practices, policies, acts or omissions; or
(4) Consequential "bodily injury" as a result of (1) through (3) above.
This exclusion applies whether the insured may be held liable as an employer or in any other capacity and to any obligation to share damages with or to repay someone else who must pay damages because of the injury.
Coverage is further excluded where there is:
"Personal injury" arising out of any:
(1) Refusal to employ;
(2) Termination of employment;
(3) Coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or other employment-related practices, policies, acts or omissions or
(4) Consequential "personal injury" as a result of (1) through (3) above.
These provisions are not applicable in this case. Aside from the fact that Continental is relying on the "harassment" exclusion in both provisions, even though none of the claims of Desrouleaux's complaint are for "harassment," there is a severability clause in the policy which governs. The severability clause provides:
Separation of Insureds.
Except with respect to the Limits of Insurance and any rights or duties specifically assigned in this Coverage Part to the first Named Insured, this insurance applies:
(a) As if each Named Insured were the only Named Insured; and
(b) Separately to each insured against whom claim is made or "suit" is brought.
The effect of the severability clause is that allegations of battery by Scott are not imputed to Mactown so as to bar coverage. See Premier Ins. Co. v. Adams, 632 So.2d 1054, 1056 (Fla. 5th DCA 1994); Irvine v. Prudential, 630 So.2d 579, 580 (Fla. 3d DCA 1993). In both Irvine and Premier, the courts construed *293 the severability clauses to require a duty to defend the insured against whom only claims of negligence were brought, even though there was an intentional act alleged against another insured that was not covered under the policy. See Premier Ins. Co., 632 So.2d at 1056; Irvine, 630 So.2d at 580. Thus Mactown's liability, if any, under the negligent retention count is separate and apart from Scott's alleged intentional act.
We therefore find that the trial court erred in granting summary judgment in Continental's favor. In regard to both policies, coverage was afforded for the negligent retention claim, thus triggering Continental's duty to defend.

II. Monticello
The Monticello policy is a comprehensive general liability policy. It contains the following "cross-employee" exclusion:
This insurance does not apply ... to bodily injury to any employee of the insured arising out of and in the course of his employment by the insured....
Such unambiguous "cross employee" exclusions have consistently been held to bar recovery for injuries inflicted by a fellow employee. See, e.g., State Farm Fire & Casualty Co. v. Compupay, Inc., 654 So.2d 944, 947-48 (Fla. 3d DCA 1995);[2]Liberty Mut. Ins. Co. v. Jones, 427 So.2d 1117, 1118 (Fla. 3d DCA 1983); McRae v. Snelling, 303 So.2d 670, 671 (Fla. 4th DCA 1974); General Ins. Co. of Am. v. Reid, 216 So.2d 41, 43 (Fla. 4th DCA 1968).
The complaint clearly alleges that both Desrouleaux and Scott were employees of Mactown and that the incidents complained of arose "at work during office hours." The cross-employee exclusion is thus effective to exclude coverage for Desrouleaux's injuries. Accordingly, the trial court erred in ruling that Monticello had a duty to defend.
Therefore, the final summary judgment for Continental is reversed, and the trial court's denial of Monticello's motion for summary judgment and the finding that Monticello had a duty to defend are reversed.
The cause is remanded for further proceedings.
NOTES
[1] In contrast, an "occurrence" policy is one in which "the coverage is effective if the negligent act or omission occurs within the policy period, regardless of the date of discovery or the date the claim is made or asserted." Gulf Ins. Co., 433 So.2d at 514.
[2] The facts of Compupay are strikingly similar to the facts of the instant case. In Compupay, a Compupay employee brought suit against Compupay and Compupay's branch manager who she alleged sexually harassed her and discriminated against her. 654 So.2d at 945. The insurer refused to defend the claims against Compupay, based on a cross-employee exclusion which excluded from coverage "bodily injury to any employee of the insured arising out of and in the course of their employment by the insured." Id. at 947. The court found that since the language of the exclusion was unambiguous, and because the facts of the complaint arose out of the course and scope of the plaintiff's employment, it was clear that the exclusion at issue barred coverage. Id.