740 So.2d 1229 (1999)
The ESTATE OF Anthony BOMBOLIS, The Estate of Luella Edith Delwiche, The Estate of Catherine M. Dinan, The Estate of Harold Stewart, The Estate of Jackie Wood Gaffney, The Estate of Genevieve Morris, The Estate of A. Victor Bruno, Carole Ann Upham, Viorica Dobrilla, Richard Peneno, William Peneno, Conrad Nolette and William Carey, Appellants,
v.
CONTINENTAL CASUALTY COMPANY, INC., a Florida Corporation, Joseph Oldani, II, P.A., a professional association and Joseph Oldani, II, Appellees.
No. 98-3435.
District Court of Appeal of Florida, Fourth District.
August 25, 1999.
Lawrence S. Ben of Chikovsky, Ben & Schafer, Hollywood, for appellants.
Gregory S. Glasser of Stephens, Lynn, Klein & McNicholas, P.A., Miami, and Richard A. Simpson and Thomas J. Judge of Ross, Dixon & Bell, L.L.P., Washington, D.C., for appellees.
KLEIN, J.
Appellants were the plaintiffs in a legal malpractice claim brought against a lawyer named Joseph Oldani and the Joseph Oldani, P.A. The claim alleged that Oldani had misappropriated money from an estate and that the P.A. had been negligent in hiring and retaining Oldani.
Oldani pled guilty to first degree grand theft for the conduct on which this action is based, and the trial court granted his insurer, the appellee, a summary judgment because the policy did not provide coverage for "any claims arising out of ... any dishonest, fraudulent, criminal or malicious act or omission" by the insured.
Plaintiffs do not complain about the judgment in regard to Oldani individually, *1230 but argue that the court erred in entering judgment in favor of the P.A. They argue that the words "arising out of" in the exclusion are ambiguous and should be construed against the insurer, citing Westmoreland v. Lumbermens Mutual Casualty Co., 704 So.2d 176 (Fla. 4th DCA 1997). This case is distinguishable from Westmoreland because in Westmoreland the ambiguity arose out of more than the words "arising out of." In the present case there is no ambiguity created by the words following "arising out of" and, if there is no coverage for Oldani because of this exclusion, which plaintiffs apparently concede, it follows that there is no coverage for the P.A. either.
Affirmed.
TAYLOR, J., and WHITE, ALICE BLACKWELL, Associate Judge, concur.