

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-28-2008

# Estate Neff v. Alterra Healthcare

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-5130

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Estate Neff v. Alterra Healthcare" (2008). *2008 Decisions*. Paper 1367.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1367

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 06-5130

———

ESTATE WILLIAM J. NEFF,
BY AND THROUGH THE ADMINISTRATOR OF
HIS ESTATE, JOYCE A. LANDAUER,
                                        Appellant

v.

ALTERRA HEALTHCARE CORPORATION; LIBERTY SURPLUS INSURANCE CORPORATION;
AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY;
INDIAN HARBOR INSURANCE COMPANY;
EVANSTON INSURANCE COMPANY; KEMPER INDEMNITY INSURANCE
COMPANY

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 05-cv-01421)
The Honorable Ronald L. Buckwalter

———

Argued January 28, 2008
Before: SCIRICA, <u>Chief Judge</u>, RENDELL, <u>Circuit Judge</u>,
and RODRIGUEZ[1], <u>District Judge</u>

(Filed: March 28, 2008)

---

[1] The Honorable Joseph H. Rodriguez, Senior District Judge, United States District
Court for the District of New Jersey, sitting by designation.

Ronald N. Lebovits, Esquire (ARGUED)
Zarwin Baum DeVito Kaplan
Schaer & Toddy, P.C.
1515 Market St., Suite 1200
Philadelphia, PA 19102
         Counsel for Appellant

John C. Sullivan, Esquire (ARGUED)
Stacey Z. Jumper, Esquire
Post & Schell, P.C.
Four Penn Center, 13th Floor
1600 John F. Kennedy Blvd.
Philadelphia, PA 19103
         Counsel for Appellee Liberty Surplus
         Insurance Corporation

John D. McKenna, Esquire (ARGUED)
L'Abbate Balkin Colavita & Contini
1001 Franklin Avenue
Garden City, NY 11530-0000

Wendy H. Koch, Esquire
Koch & Demarco, LLP
101 Greenwood Ave.
Jenkintown Plaza, Suite 460
Jenkintown, PA 19046
         Counsel for Appellee American Empire
         Surplus Lines Insurance Company

———

## OPINION OF THE COURT

———

RODRIGUEZ, <u>District Judge</u>.

The Estate of William J. Neff, by and through the Administrator of his Estate,

Joyce A. Landauer, appeals from the District Court's Memorandum Opinion and Order

2

denying Plaintiff's motion for summary judgment and granting the Defendants' motion for summary judgment on the underlying declaratory judgment action. The Complaint alleged that Neff died as the result of injuries sustained while in the care of an Alterra Healthcare assisted living facility insured by the Appellees, and sought a declaration of coverage. For the reasons below, we will affirm the District Court's entry of summary judgment.

I.

Because we write solely for the parties, who are familiar with the facts and procedural history of the case, we will set forth only those facts necessary to our analysis. Alterra Healthcare Corporation owned, operated, controlled, and managed a personal care home in Bucks County, Pennsylvania where William J. Neff was a patient. In September of 2000, Mr. Neff was badly injured while in the care of Alterra employee Heidi Tenzer. During the next several days, three other Alterra employees, Patricia Policino, Anne McClintock, and Linda Murray, became aware of Mr. Neff's injuries but did not render treatment or report his condition to his family or his doctor. Mr. Neff died approximately one week after he was injured. As the result of an investigation initiated by the coroner's office, Ms. Tenzer was convicted of criminal charges. The three other Alterra employees pled guilty to neglect of a care dependent person, a misdemeanor. The question before the District Court was whether Alterra's primary liability insurance policy provided through Liberty Surplus Insurance and/or the first excess insurance policy provided

3

through American Empire Surplus Lines Insurance cover the personal injury claims Neff filed against Alterra and its four employees (the "Alterra defendants").

The District Court found that the policies at issue contained the following exclusionary language: "This insurance does not apply to 'bodily injury,' 'property damage' or 'personal and advertising injury' arising out of . . . [t]he actual or threatened abuse or molestation by anyone of any person while in the care, custody or control of any insured." (A-172.)[2] The Court determined that the "abuse or molestation exclusion" precluded coverage in the Neff case, regardless of whether the laws of Pennsylvania, Wisconsin, or Massachusetts applied because this was a case of false conflict. Because a conflict of laws issue was raised, however, the District Court, in an abundance of caution, performed a choice of law analysis and determined that Pennsylvania law would apply, and clearly would give effect to the abuse or molestation exclusion to preclude coverage. Accordingly, the court granted summary judgment.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and review a district court's entry of summary judgment *de novo*. Pennsylvania Coal Ass'n v. Babbitt,

---

[2] The exclusion also precludes coverage for claims of negligent employment, investigation, supervision, "reporting to the proper authorities, or failure to so report," or retention "of a person . . . whose conduct would be excluded by" the above-quoted language. (A-172.) Appellant concedes that this clause applies to negate any of the Alterra employees' claims of coverage in defending negligent employment, supervision, or reporting causes of action. It appears that the District Court relied on this clause in finding that the employees were "not insured for their neglectful actions." (A-9.)

4

63 F.3d 231, 236 (3d Cir. 1995). "[T]he interpretation of the scope of coverage of an insurance contract is a question of law properly decided by the court, a question over which [this court] exercise[s] plenary review." Medical Protective Co. v. Watkins, 198 F.3d 100, 103 (3d Cir. 1999) (citations omitted).

Under Pennsylvania law, which Appellant acknowledges applies in construing insurance policy language, an insurance company is obligated to defend an insured when the complaint filed by the injured party may potentially come within the policy's coverage. Pacific Indem. Co. v. Linn, 766 F.2d 754, 760 (3d Cir. 1985) (citing Pennsylvania cases). In construing an insurance policy, the court must give unambiguous terms their "plain and ordinary meaning." St. Paul Fire & Marine Ins. Co. v. Lewis, 935 F.2d 1428, 1431 (3d Cir. 1991) (quoting Pennsylvania Mfrs. Ass'n Ins. Co. v. Aetna Cas. & Sur. Ins. Co., 233 A.2d 548, 551 (Pa. 1967)). On the other hand, terms in an insurance contract which are ambiguous are to be construed strictly against the insurer and in favor of the insured. Id. (citing Mohn v. American Cas. Co., 326 A.2d 346, 351 (Pa. 1974)).

III.

The District Court correctly found that the terms and conditions of the insurance policies preclude coverage for the claims against the Alterra defendants. The Liberty Surplus commercial general liability policy excludes coverage for claims of injury "arising out of . . . [t]he actual or threatened abuse or molestation by anyone of any person while in the care, custody or control of any insured." (A-172.) While Appellant concedes

5

that this provision would preclude coverage under the laws of all three states considered, it argues that reading the "separation of insureds" provision[3] in connection with the abuse or molestation exclusion creates an ambiguity in the policy obligating the Appellees to provide coverage in the Neff personal injury lawsuit with respect to the claims against the Alterra defendants other than Tenzer. This Court disagrees.

The plain and ordinary meaning of the exclusion is that there is no coverage if a plaintiff's injury arises out of abuse or molestation.[4] The abuse or molestation does not have to have been committed by "the insured" or even "an insured," but by "anyone." Invoking the separation of insureds provision does not narrow the broad reach of the exclusion. The abuse or molestation exclusion precludes coverage for the claims as to each of the four Alterra employees and Alterra, and would do so even if each is sued separately.

The suggestion that Massachusetts law creates an ambiguity is not persuasive. Massachusetts law does not create an ambiguity in the contract language here. In 1986, the Massachusetts Supreme Court gave effect to a severability of insurance provision to conclude that an automobile exclusion in a homeowner's insurance policy precluded coverage for personal injury claims caused by the drunk driving of the homeowners' son,

---

[3] "[T]his insurance applies . . . [s]eparately to each insured against whom claim is made or 'suit' is brought." (A-125.)

[4] Appellant does not argue that the injuries did not arise out of the abuse of Mr. Neff by Tenzer.

6

but did not preclude coverage for a claim against the homeowners for negligent supervision of their son. Worchester Mut. Ins. Co. v. Marnell, 496 N.E.2d 158 (Mass. 1986). In the Massachusetts case, coverage did not apply to bodily injury arising out of the ownership or use of a vehicle owned or operated by any insured. The court reasoned that the claim of negligent supervision in the home by the homeowner parents was "separate and distinct from use or operation of an automobile" by the homeowners' intoxicated son, and so it did not arise out of such use excluded by the policy. Id. More recent Massachusetts case law apparently has characterized Marnell as applying only where homeowner's and automobile insurance are in conflict. See, e.g., Hingham Mut. Fire Ins. Co. v. Smith, 865 N.E.2d 1168 (Mass. App. Ct. 2007) ("the result in Marnell turned on the allocation of risks between homeowner's coverage and automobile liability insurance"); Phoenix Ins. Co. v. Churchwell, 785 N.E.2d 392, 395 (Mass. App. Ct. 2003) (determinative factor in deciding coverage in Marnell was the allocation of risks between an insured's homeowner's policy and automobile insurance). Marnell is inapplicable here, and there is no conflict of laws to be resolved.

The severability clause in this case simply does not affect the applicability of the exclusion for bodily injuries arising out of abuse or molestation. There is no duty to defend or indemnify the Alterra defendants under the terms and conditions of the policies at issue with respect to the injuries sustained by Mr. Neff.

7

V.

Accordingly, we will affirm the Order of the District Court denying summary judgment for Appellant and granting summary judgment in favor of the Appellees.