GERBER, J.
The insurer filed a declaratory judgment action alleging that it had no obligation to provide a defense or coverage for its insureds on a negligent supervision action arising out of sexual molestation. The insurer relied on the sexual molestation exclusion in the insureds’ homeowners’ policies to deny coverage. The circuit court granted the insurer’s motion for summary judgment on that argument. We affirm.
The exclusion at issue provided that coverage did not apply to “bodily injury ... [ajrising out of sexual molestation....” In its motion for summary judgment, the insurer acknowledged there was no Florida case addressing whether a sexual molestation exclusion applied to a negligent supervision action arising out of sexual molestation. However, the insurer argued that because the negligent supervision action arose out of sexual molestation, the sexual molestation exclusion should exclude coverage regardless of the legal theory by which the alleged victim was pursuing the underlying action.
The alleged victim and the insureds, in their responses to the motion for summary judgment, argued that the sexual molestation exclusion was inapplicable because the alleged victim’s underlying action was based on the insureds’ negligent supervision of the alleged perpetrator, and not on sexual molestation by the insureds. The alleged victim further argued that if the insurer intended to exclude coverage for negligent supervision, then it should have expressly stated such an exclusion in the policy. The insureds further argued that it was unclear from the exclusion’s language whether coverage for sexual molestation is excluded when committed by any person or only by the insured. That ambiguity, according to the insureds, had to be resolved against the insurer and in favor of coverage.
In its order granting the motion for summary judgment, the circuit court reasoned;
[T]he language excluding coverage for sexual molestation is clear and unambiguous. Any insured would be on notice the insuring .agreement will not insure against acts of sexual molestation.... [W]hat homeowner could possibly expect to be insured for something as egregious as child molestation[?]
In further support of its decision, the circuit court cited other states’ supreme court decisions which rejected insureds’ attempts to raise negligent supervision actions to avoid sexual molestation exclusions. According to the circuit court, “All concluded the act leading to damages was sexual molestation — and it really did not matter how it was pled.”
This appeal followed. “Our review of an order granting summary judgment is de novo, as is the interpretation of an insurance contract and the determination of *1168 whether the law requires the insurer to provide coverage.” Am. Strategic Ins. Co. v. Lucas-Solomon, 927 So.2d 184, 186 (Fla. 2d DCA 2006) (citations omitted).
We agree with the circuit court that the language excluding coverage for sexual molestation is clear and unambiguous. However, we reach that conclusion based on a finding slightly different from that which the circuit court made. See Dade Cnty. Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 644 (Fla.1999) (“[I]f a trial court reaches the right result, but for the wrong reasons, it will be upheld if there is any basis which would support the judgment in the record.”).
The policy at issue contains a list of twelve enumerated exclusions stating that coverage did not apply to bodily injury:
a. Which is expected or intended by the insured;
b. Arising out of or in connection with a business engaged in by an insured ...;
c. Arising out of the rental ... of any part of any premises by an insured ...;
d. Arising out of the rendering of or failure to render professional services;
e. Arising out of a premises ... that is not an insured location;
f. Arising out of ... ownership ... of motor vehicles ...;
g. Arising out of ... ownership ... of an excluded watercraft ...;
h. Arising out of ... ownership ... of an aircraft ... ;
i. Caused ... by war ...;
j. Which arises out of the transmission of a communicable disease by an insured;
k. Arising out of sexual molestation, corporal punishment or physical or mental abuse; or
l.Arising out of the use [or] sale ... by any person of a Controlled Substance ....
(emphasis added; internal quotation marks omitted).
As emphasized above, exclusions a., b., c., and j. all expressly limit those exclusions based on some action taken by an insured. However, exclusion k., which is at issue here, contains no such express limitation. Thus, we conclude the plain meaning of exclusion k. is that the exclusion applies to bodily injury arising out of sexual molestation “by any person.” See U.S. Fire Ins. Co. v. J.S.U.B., Inc., 979 So.2d 871, 883 (Fla.2007) (“[W]e apply well-established principles of insurance contract interpretation, reading the policy both in accord with its plain language ... and as a whole, endeavoring to give every provision its full meaning and operative effect.”) (internal citation and quotations omitted).
The insureds argued in the circuit court that exclusion k. is ambiguous because exclusion l. expressly states that it applies to bodily injury “[a]rising out of the use [or] sale ... by any person of a Controlled Substance” (emphasis added), whereas exclusion k. does not expressly refer to sexual molestation “by any person.” However, reading all twelve exclusions together, we believe that the insurer’s use of the phrase “by any person” in exclusion l. is merely superfluous and does not create an ambiguity in exclusion k. or in exclusions d. through i., which also do not use the phrase “by any person.” For example, exclusion i. states that coverage does not apply to bodily injury “[c]aused ... by war.” It would make no sense for that exclusion to apply only if war was caused “by an insured.”
In practical terms, assuming that “any person” who commits sexual molestation *1169 can be an uninsured person, a situation logically must exist in which the insurer then can apply the sexual molestation exclusion to deny coverage to an insured person. That situation presumably would occur where the sexual molestation victim seeks to impose liability against the insured person on some theory of indirect liability such as negligent supervision. In that situation, the insurer would be able to apply the sexual molestation exclusion to deny coverage to an insured person, regardless of the theory pled. That is the situation which exists here. Thus, the circuit court reached the right result by recognizing the insurer’s ability to deny coverage in this case.
The alleged victim and the insureds argue that we should reverse the circuit court based on Mactown, Inc. v. Continental Insurance Co., 716 So.2d 289 (Fla. 3d DCA 1998). In Mactown, an insurer relied on an intentional tort exclusion to deny the defense of a negligent retention action arising out of a battery. The third district rejected the insurer’s position, reasoning:
[The exclusion] covers a number of intentional torts. It does not specifically exclude negligent acts. From the “ordinary person perspective” this exclusion is, at best, ambiguous, and thus must be construed in favor of coverage.
Id. at 292 (citations omitted). We find Mactown to be of limited assistance. There, our sister court addressed the exclusion at issue in isolation and found the exclusion to be ambiguous. Here, we have been able to consider the exclusion at issue in context with the entire exclusions section and have found the exclusion to be unambiguous.
The alleged victim and the insureds also rely on Premier Insurance Co. v. Adams, 632 So.2d 1054 (Fla. 5th DCA 1994). In Premier, the fifth district rejected an insurer’s reliance on an intentional act exclusion to deny the defense of a negligent supervision action against an insured parent arising out of sexual molestation by an insured child. The exclusion at issue excluded coverage for claims of “bodily injury ... which is expected or intended by any insured.” Id. at 1055 (emphasis omitted). The insurer argued that the term “any insured” excluded all insured persons, and not just' the perpetrator, notwithstanding the policy’s severability clause which stated that the policy applied “separately to each insured.” Id. at 1056. The fifth district disagreed with the insurer, reasoning:
[W]hen an insurance policy is ambiguous or fairly susceptible to two reasonable interpretations, one of which is in favor of the insured and one of which is in favor of the insurer, the policy must be construed strictly against the insurer as drafter of the policy.... [T]he most plausible interpretation is that the exclusionary clause is to exclude coverage [only] for the separate insurable interest of that insured who intentionally causes the injury.
632 So.2d at 1057. We find Premier to be of limited assistance as well for two reasons. First, the exclusion at issue in Premier precluded coverage for bodily injury arising out of an intentional act by any insured, whereas the exclusion at issue here precludes coverage for bodily injury arising out of sexual molestation by any person. Second, our sister court in Premier based its decision on a severability clause which the court found to be ambiguous. Here, we have based our decision on the exclusion which we have found to be unambiguous.
Both sides have encouraged us to interpret the exclusion at issue in isolation by comparing other jurisdictions’ interpretations of identical or similar exclusions. *1170 For example, the insurer has cited cases from other jurisdictions holding that identical or similar exclusions preclude coverage for an insured. See, e.g., Philbrick v. Liberty Mut. Fire Ins. Co., 156 N.H. 389, 934 A.2d 582, 585-86 (2007) (where the policy language “explicitly ties the exclusion to the nature of the injury, the analysis should be directed toward the injuries suffered, rather than the causes of action in the complaint”). Conversely, the alleged victim and the insureds have cited cases from other jurisdictions holding that similar exclusions do not preclude coverage for an insured. See, e.g., Safeco Ins. Co. of Am. v. White, 122 Ohio St.3d 562, 913 N.E.2d 426, 435 (2009) (“Several courts have ... examined] each tort on its own merits and declined] to apply intentional-act and illegal-act exclusions ... to preclude coverage for negligent acts related to intentional torts”).
We respect other jurisdictions’ decisions. However, those decisions are not helpful here because the other jurisdictions, at least as indicated by their opinions, examined the exclusions at issue only in isolation. We have had the benefit of considering the exclusion at issue in context with the entire exclusions section. Thus, we leave for another day the interpretation of an identical or similar exclusion for which we lack the context available to us here.

Affirmed.

TAYLOR, J., and ROSENBERG, ROBIN, Associate Judge, concur.