[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15015
_____

D.C. Docket No. 1:11-cv-20772-PAS

NAUTILUS INSURANCE COMPANY,
an Arizona company,

Plaintiff - Appellee,

versus

DESIGN BUILD INTERAMERICAN, INC.,
a Florida corporation,

Defendant,

PILAR PENA,
individually and as Plenary Guardian of
Alberto Zambrana, Florida residents,
MILEDAIS ZAMBRANA,
Individually,

Defendants - Appellants.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 2, 2014)

Before MARTIN and DUBINA, Circuit Judges and DUFFY,[*] District Judge.

PER CURIAM:

In this declaratory judgment action, the district court entered a final judgment, finding that there was no insurance coverage under the Commercial General Liability insurance policy ("the policy") issued by Nautilus Insurance Company ("Nautilus") to Design Build Interamerican, Inc. ("DBI") for injuries suffered by Alberto Zambrana ("Zambrana") while he was performing duties related to the conduct of DBI's business.

The insureds, DBI, Pedro Ramos, Manny Leon, and Sergio Ruiz, did not appeal the district court's judgment. The tort claimants, Pilar Pena, individually, and as Plenary Guardian of Zambrana and as Guardian of Milena Zambrana, and Miledais Zambrana, have appealed the district court's order granting summary judgment in favor of Nautilus.

Review of a district court's order granting summary judgment is *de novo,* with the appellate court applying the same legal standards as the district court. *Reese v. Herbert*, 527 F.3d 1253, 1267 n. 22 (11th Cir. 2008) (quoting *Skrtich v. Thornton*, 280 F.3d 1295, 1299 (11th Cir. 2002)).

---

[*] Honorable Patrick Michael Duffy, United States District Judge for the District of South Carolina, sitting by designation.

2

After reviewing the record, reading the parties briefs, and having the benefit of oral argument, we conclude that our court's recent decision in *Evanston Insurance Company v. Design Build Interamerican, Inc., etc. et al.,* __ F. App'x ___, (No. 12-15466) (11th Cir. Apr. 8, 2014), is persuasive and controls the disposition of this case.[2] Like the panel in *Evanston*, we conclude that the reasoning and holding of *Premier Ins. Co. v. Adams*, 632 So. 2d 1054, 1056–57 (Fla. Dist. Ct. App. 1994), governs our interpretation of the severability and exclusionary provisions of Nautilus's policy in this case. Accordingly, based on *Evanston* and *Premier*, we reverse the district court's order granting summary judgment in favor of Nautilus and remand this case for further proceedings consistent with this opinion.[3]

REVERSED AND REMANDED.

---

[2] The opinion in *Evanston* is unpublished and therefore not binding on this panel but may be considered as persuasive authority. *See* 11th Cir. R. 36-2.

[3] Our decision does not foreclose Nautilus from raising, on remand, exclusions that it contends applies to its policy.