LAWSON, J.
Helen yDueno, as next friend of her minor nephew, A.C., timely appeals a final summary judgment in favor of Modern USA Insurance Company, who filed a declaratory judgment action, seeking a declaration that its homeowner’s insurance policy did not cover its insureds, Alexa Iri-zarry and Jose L. Yambo, Sr., for their negligent supervision of A.C. Dueño had filed a complaint against Irizarry and Yambo alleging that A.C. was sexually battered by J.Y., another minor, while in Irizarry and Yambo’s care. J.Y. is the son of Irizarry and Yambo, and is also an insured under the policy. We agree with the trial court that the sexual molestation exclusion in the homeowner’s policy is unambiguous, and excluded coverage for injury arising out of J.Y.’s alleged sexual molestation of A.C. The facts and policy language at issue in this case appear to be materially indistinguishable from those addressed in Valero v. Florida Insurance Guaranty Association, Inc., 59 So.3d 1166 (Fla. 4th DCA 2011), which the trial court properly followed in granting summary judgment. Our review is de novo. Chandler v. Geico Indem. Co., 78 So.3d 1293 (Fla.2011).
As in Valero, Appellant in this case argues that we should reverse based on Premier Insurance Co. v. Adams, 632 So.2d 1054 (Fla. 5th DCA 1994) and Mactown, Inc. v. Continental Insurance Co., 716 So.2d 289 (Fla. 3d DCA 1998). Appellant also argues for reversal based upon Westmoreland v. Lumbermens Mutual Casualty Co., 704 So.2d 176 (Fla. 4th DCA 1997), a case not addressed in Valero. Appellant also argues that the sexual molestation exclusion in this case should not apply because her complaint alleges injury arising out of sexual battery, not sexual molestation. Finally, Appellant attempts to paint Valero as an ill-reasoned anomaly. We will briefly address each argument, but note generally that our affirmance in this case rests upon our conclusion that the policy exclusion at issue here is clear and unambiguous. See, e.g., Taurus Holdings, *62 Inc. v. U.S. Fid. & Guar. Co., 913 So.2d 528, 532 (Fla.2005) (“[I]f a policy provision is clear and unambiguous, it should be enforced according to its terms whether it is a basic policy provision or an exclusionary provision.” (quoting Hagen v. Aetna Cas. & Sur. Co., 675 So.2d 963, 965 (Fla. 5th DCA 1996))). The exclusion reads:
SECTION II-EXCLUSIONS
1. Coverage E — Personal Liability and Coverage F — Medical Payments to Others [do not apply to “bodily injury” or “property damage”]:
k. Arising out of actual or alleged sexual molestation or harassment, corporal punishment, or physical or mental abuse;....
In Premier, our court held that an intentional act exclusion did not apply to exclude coverage for a negligent supervision claim, based upon an ambiguity in that policy. Premier, 632 So.2d at 1055-57. In that case, as in Valero and this case, the plaintiffs sued two named insureds, alleging that their minor son (also a named insured) sexually abused another child while in their care. The ambiguity in the Premier policy was created by language in a severability clause (stating that the insurance applied “separately to each insured”) which arguably conflicted with the intentional act exclusion (which excluded any injury “intended by any insured”). Id. The Premier panel found that the sever-ability clause essentially negated the intentional act exclusion for either a cause of action that did not apply to all insureds or an intentional act that only applied to one insured. Id. In this case, as in Valero, the exclusion at issue does not exclude injury caused by another insured, but by any act of sexual molestation (irrespective of whether the person causing the injury is an insured or not). Given the broad wording of the sexual molestation exclusion in this case, there is no ambiguity created by the severability clause in the policy.
In Mactown, the Third District Court of Appeal held that an intentional tort exception in a general liability policy did not bar a claim against an employer for negligent retention of an employee who battered another employee. 716 So.2d at 291-93. It reasoned that while the intentional act exclusion “covers a number of intentional torts” it did “not specifically exclude negligent acts ... [such that from] the ‘ordinary person perspective’ [the] exclusion is, at best, ambiguous, and must be construed in favor of coverage.” Id. at 292 (citations omitted). The Valero panel found “Mac-town to be of limited assistance,” reasoning: “There [in Mactown ], our sister court addressed the exclusion at issue in isolation and found the exclusion to be ambiguous. Here, we have been able to consider the exclusion at issue in context with the entire exclusions section and have found the exclusion to be unambiguous.” 59 So.3d at 1169. Although we also find Mac-town to be unpersuasive, we agree with Appellant that the case could be read as essentially finding an ambiguity in the “arising out of’ language at issue in that policy, which was even broader than similar language at issue here and in Valero. The intentional act exclusion considered in Mactown excluded claims “based on, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving any actual or alleged ... battery. ...” To us, that seems as clear as the exclusion for claims “[a]rising out of actual or alleged sexual molestation” at issue here and, as such, should have barred recovery for injuries attributable to a battery, even if pursued under a negligent retention theory. To the extent that Mac-town can be read as holding the “arising out of’ language to be ambiguous, we believe that the holding has been superseded *63 by Taurus Holdings, which essentially found similar “arising out of’ language in an insurance policy exclusion provision to be unambiguous. 913 So.2d at 532-33 (quoting with approval the Fifth District Court’s conclusion in Hagen that the term “arising out of’ is “unambiguous[;]” is “broader in meaning than the term caused by[;]” and “means ‘originating from,’ ‘having its origin in,’ ‘growing out of,’ ‘flowing from,’ ‘incident to’ or ‘having a connection with’ ”); see also Travelers Indem. Co. v. PCR Inc., 889 So.2d 779, 787 (Fla.2004) (“Florida has long followed the general rule that tort law principles do not control judicial construction of insurance contracts. Insurance contracts are construed in accordance with the plain language of the policies as bargained for by the parties.”).
Appellant also argues that we should follow Westmoreland, the one case in Florida that appeared to expressly find the “arising out of’ language in an insurance policy to be ambiguous. The Florida Supreme Court fully addressed Westmore-land in Taurus Holdings, explaining:
One Florida case, however, has found the “arising out of’ language ambiguous. In Westmoreland v. Lumbermens Mutual Casualty Co., 704 So.2d 176 (Fla. 4th DCA 1997), the Fourth District interpreted a policy that excluded claims for “ ‘bodily injury’ ... arising out of the ownership, maintenance, use, loading or unloading of motor vehicles.” Id. at 178. The court noted that the term “arising out of’ was not defined and stated that “[wjhere a critical term is not defined in an exclusionary clause of the policy, it will be liberally construed in favor of an insured.” Id. at 180. The court found the policy ambiguous and defined “arising out of’ to require a showing of proximate causation. The Fourth District has since clarified, however, that the ambiguity found in the Westmoreland policy was a product of the “arising out of’ language combined with other policy language. See Estate of Bombolis v. Cont’l Cas. Co., 740 So.2d 1229, 1230 (Fla. 4th DCA 1999). As clarified, therefore, Westmoreland does not hold that the “arising out of’ language, standing alone, is ambiguous.
Taurus Holdings, 913 So.2d at 533. The Supreme Court also noted that “[ojther courts applying Florida law disagreed with Westmoreland.” Id. at 533 n. 2. (citations omitted). More recently, a federal court applying Florida law more bluntly, but accurately, concluded that any “argument [based] on Westmoreland must fail as it is no longer good law.” Continental Cas. Co. v. City of Jacksonville, 654 F.Supp.2d 1338, 1346 n. 2 (M.D.Fla.2009) (citations omitted).
As for Appellant’s argument that the exclusion should not apply because it only excluded injury arising out of a sexual molestation, and not a sexual battery (as alleged in her complaint), we conclude that the term sexual molestation unambiguously includes any unwanted sexual touching. See generally 3 Insurance Claims and Disputes § 11:23B (6th ed.) (“Modern liability insurance policies often contain exclusions eliminating coverage for injuries arising out of sexual molestation or abuse. When the words ‘sexual molestation’ and ‘abuse’ are not defined, those words should be given their dictionary definitions.”).[1]
*64 Finally, we address Appellant’s general assertion that Valero and the Fourth District’s interpretation of the sexual molestation exclusion involved in that case is “an anomaly that is inconsistent with this District, other Districts, and other jurisdictions.” General research on this issue readily reveals Appellant’s assertion to be inaccurate. For example, one commentator has noted Valero as one of many cases reaching similar conclusions, as follows:
Sexual abuse or molestation exclusions are becoming more common in liability policies, particularly in homeowners policies and in CGL policies issued to businesses or organizations that may be susceptible to sexual abuse or molestation claims. The specific language in an exclusion can vary significantly from policy to policy, so again it is important to evaluate the exclusion language carefully. For example, a sexual abuse or molestation exclusion may preclude coverage for injury from sexual abuse or molestation, regardless of who engaged in the alleged conduct. If sexual abuse or molestation caused an injury, then a policy with that exclusion would not cover those claims. Most courts have upheld the application of these types of exclusions as drafted. See, e.g., Valero v. Florida Ins. Guar. Ass’n, Inc., 59 So.3d 1166, 1168 (Fla.Ct.App.2011) (rejecting the insured’s argument that the sexual molestation exclusion, which excluded coverage for bodily injury “arising out of sexual molestation,” did not apply to claims of negligent supervision, the court found the plain language of the exclusion precluded coverage for injury arising out of sexual molestation “by any person”); Hing-ham Mut. Fire Ins. v. Smith, 69 Mass.App.Ct. 1, 865 N.E.2d 1168, 1173 (2007) (excluding coverage for all the insureds, despite the severability clause, because the exclusion precluded coverage for bodily injury arising out of sexual molestation); Philbrick v. Liberty Mut. Fire Ins. Co., 156 N.H. 389, 934 A.2d 582, 585-86 (2007) (upholding the application of the exclusion for all claims because they originated from the sexual abuse); Am. Commerce Ins. Co. v. Porto, 811 A.2d 1185, 1196 (R.I.2002) (“if the alleged sexual molestation is a cause of the claimed bodily injuries, then the existence of other alleged negligence claims and proximate cause is of no moment — the bodily injuries alleged are causally connected to or ‘arise out of the sexual molestation, and are thereby excluded from coverage”); Allstate Ins. Co. v. Bates, 185 F.Supp.2d 607, 613 (E.D.N.C.2000) (excluding coverage for negligent coinsured reasoning that “without the molestation there would be no injury and thus, no basis for the negligence claims”). Some courts, however, have refused to apply the exclusion as written. See, e.g., Am. Family Mut. Ins. Co. v. Bower, 752 F.Supp.2d 957 (N.D.Ind.2010) (finding that a claim against parents for failure to intervene to stop molestation was separate from the sexual molestation and, therefore, not excluded by the sexual molestation exclusion, which precluded coverage for injury “arising out of or resulting from any actual or alleged sexual molestation or contact”).
Rebecca R. Haller, IS THERE COVERAGE? Sexual Abuse Claims Against *65 Nonparticipants, 55 NO. 5 DRI For the Defense 70 (2013). Similarly, Couch on Insurance provides in pertinent part:
[A] policy may contain specific exclusionary clauses or endorsements that exclude coverage of sexual abuse, harassment, molestation, or other similar claims. [Footnote omitted]. Coverage for sexually related claims will be excluded if the policy language is the clear and unambiguous language. [Footnote omitted].
Á policy may state that no coverage is provided to anyone who is connected with the insured who commits an act of sexual abuse. Under these circumstances, there is no coverage for all insureds under the policy for claims arising from an act of sexual abuse, even though the policy contains a severability clause providing that each insured would be regarded as having separate coverage. [noting: American Family Mutual Ins. Co. v. Copeland-Williams, 941 S.W.2d 625, 629-30 (Mo.Ct.App.E.D.1997); Bagley v. Monticello Ins. Co., 430 Mass. 454, 457, 720 N.E.2d 813, 816 (1999); Northwest G.F. Mut. Ins. Co. v. Norgard, 518 N.W.2d 179, 182-83 (N.D.1994); Ristine ex rel. Ristine v. Hartford Ins. Co. of Midwest, 195 Or.App. 226, 97 P.3d 1206, 1209-10 (2004); Caroff v. Farmers Ins. Co. of Wash., 98 Wash.App. 565, 989 P.2d 1233, 1237 (1999). See also Neff ex rel. Landauer v. Alterra Healthcare Corp., 271 Fed.Appx. 224, 226 (3rd Cir.2008); Hingham Mut. Fire Ins. Co. v. Smith, 69 Mass.App.Ct. 1, 8, 865 N.E.2d 1168, 1173 (2007) (holding that a severability clause did not affect the applicability of an exclusion for bodily injuries “arising out of’ sexual molestation, and thus no coverage was available for actions against parents of perpetrator for negligent supervision, as the claim against them had its basis in the sexual molestation).]
9 Couch on Ins. § 127:28.
AFFIRMED.
BERGER, J„ and MURPHY, M., Associate Judge, concur.

. Black’s Law Dictionary defines the term "molestation” as ”[t]he act of making unwanted or indecent advances to or on someone, esp. for sexual gratification.” Black’s Law Dictionary (15C) (9th ed. 2009). Similarly, Merriam-Webster dictionary defines "sexual” as "of, relating to, or involving sex”, and "molest” ("molestation" being the noun form) as “to make annoying sexual advances to; especially: to force physical and usually *64 sexual contact on.” Merriam-Webster's Dictionary, http://www.merriam-webster.com/ dictionary/sexual, http://www.merriam-webster.com/dictionaiy/molest (last visited October 21, 2014).