752 So.2d 1266 (2000)
UNION AMERICAN INSURANCE COMPANY, Appellant,
v.
Clifford E. MAYNARD, Lencon, Inc., Paul Leonard, and Lynn A. Pitts, as Personal Representative of the Estate of John A. Pitts, deceased, Appellees.
No. 4D98-4233.
District Court of Appeal of Florida, Fourth District.
March 15, 2000.
Roberto M. Ureta of McLuskey, Mc-Donald & Payne, P.A., Miami, for appellant.
William L. Roby of Crary, Buchanan, Bowdish, Bovie, Roby, Beres, Negron & *1267 Thomas, Chartered, Stuart, for Appellee-Lencon, Inc.
Alicia M. Santana, and Jeffrey Michael Cohen of Cohen, Berke, Bernstein, Brodie & Kondell, P.A., Miami, for Appellee-Lynn A. Pitts, as Personal Representative of the Estate of John A. Pitts, deceased.
GROSS, J.
The salient facts of this case are not in dispute. Union American Insurance Company ("Union American") issued a commercial general liability insurance policy, naming Lencon, Inc. as the named insured. Clifford Maynard was an employee of Lencon. On September 11, 1995, Lencon's president told Maynard to take a cement mixer to Fort Lauderdale for repairs. Maynard attached the cement mixer to his own truck. On his way to the repair shop, Maynard crashed into a car driven by John Pitts, who died as a result of the accident. At the time of the accident, Maynard was acting within the scope of his employment with Lencon.
Lynn Pitts, as the personal representative of the estate of John Pitts, filed suit against Maynard, Lencon, and the president of Lencon. Union American brought a declaratory judgment action seeking to establish that it owed no duty to defend or indemnify Lencon for the Pitts suit.
The insurance policy provided coverage for "those sums that the insured becomes legally obligated to pay as damages because of `bodily injury' or `property damage' to which this insurance applies." Section I.A.2.g. set forth an exclusion under the policy:
2. Exclusions.
This insurance does not apply to:
* * * *
g. Aircraft, Auto or Watercraft
"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading."
Section II of the policy defined an "insured" under the policy:
SECTION II-WHO IS AN INSURED
1. If you are designated in the Declarations as:
* * * *
c. An organization other than a partnership or joint venture, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.
2. Each of the following is also an insured:
a. Your "employees", other than your "executive officers", but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.
Under the policy, Maynard was an "insured." Without more, Union American should have prevailed in its declaratory judgment suit. However, significantly for this case, an endorsement to the policy provided:
This endorsement modifies insurance provided under the following:
COMMERCIAL GENERAL LIABILITY COVERAGE PART.
Part 2.a. of WHO IS AN INSURED (Section II) does not apply.
The effect of this exclusion was to eliminate employees acting in the scope of their employment from the policy's definition of an "insured."
Both Lencon and Union American filed motions for summary judgment on the issue of whether the policy provided coverage to Lencon. The trial court ruled that the policy provided coverage to Lencon, finding that "the contract for insurance as a whole contains an inherent ambiguity as to" the issue of coverage. The court wrote:

*1268 There are two reasonable interpretations of the contract of insurance because in this case the legal liability of the corporation Lencon Inc. is based upon the status of master and servant, employer/employee, and not upon the dangerous instrumentality doctrine. There is a reasonable interpretation of the pertinent provisions of the policy (page two of twelve, page six of twelve, and the endorsement), which would provide for coverage to LENCON, INC., considering the entity LENCON, INC. individually and separate and apart from the employee.
Accordingly, the Court finds that there is coverage. On the face of the policy, an insured is excluded as an employee. While an argument has been made that the employee is really the corporation, the Court finds such an interpretation is no more or less reasonable than the first which supports coverage. The Court must find in favor of coverage where there is such an ambiguity. There are two reasonable ways of interpreting the provisions.... Having found ambiguity, the Court finds in favor of coverage.
We agree with the conclusion reached by the trial court. It is well settled that insuring or coverage clauses are construed in the broadest possible manner to effect the greatest extent of coverage. See Westmoreland v. Lumbermens Mut. Cas. Co., 704 So.2d 176, 179 (Fla. 4th DCA 1997), rev. dismissed, 717 So.2d 534 (Fla. 1998). Where the language in an insurance policy is subject to differing interpretations, the policy language should be construed liberally in favor of the insured and strictly against the insurer. See State Farm Fire & Cas. Co. v. CTC Dev. Corp., 720 So.2d 1072, 1076 (Fla.1998); Premier Ins. Co. v. Adams, 632 So.2d 1054, 1055 (Fla. 5th DCA 1994). Exclusionary clauses in liability insurance policies are to be construed liberally in favor of the insured and strictly against the insurer. See Deni Assocs. of Florida, Inc. v. State Farm Fire & Cas. Ins. Co., 711 So.2d 1135, 1138 (Fla. 1998); Premier, 632 So.2d at 1055. To properly interpret an exclusion, the exclusion must be read in conjunction with the other provisions of the policy, from the perspective of an ordinary person. See CTC Dev. Corp., 720 So.2d at 1074-75; Mactown, Inc. v. Continental Ins. Co., 716 So.2d 289, 291 (Fla. 3d DCA 1998). As we observed in Westmoreland:
"[T]he current Florida rule is that strict construction is required of exclusionary clauses in insurance contracts only in the sense that the insurer is required to make clear precisely what is excluded from coverage. If the insurer fails in the duty of clarity by drafting an exclusion that is capable of being fairly and reasonably read both for and against coverage, the exclusionary clause will be construed in favor of coverage. If the insurer makes clear that it has excluded a particular coverage, however, the court is obliged to enforce the contract as written."
704 So.2d at 179 (quoting State Farm Fire & Cas. Ins. Co. v. Deni Assocs. of Florida, Inc., 678 So.2d 397, 401 (Fla. 4th DCA 1996), affirmed, 711 So.2d 1135 (Fla.1998)).
In this case, the insuring clause of the policy stated that Union American would "pay those sums that the insured becomes legally obligated to pay as damages because of `bodily injury' or `property damage' to which this insurance applies." Under the policy, damages "because of bodily injury" included damages claimed by any person for "care, loss of services, or death resulting at any time from `bodily injury.'" John Pitts's death arose from "bodily injury" and the insured, Lencon, is legally obligated to pay damages because its employee caused the bodily injury while acting within the scope of his employment with Lencon.
Therefore, coverage for the incident exists unless the policy excludes it. The auto exclusion in paragraph I.A.2.g. applies to bodily injury arising out of the use of any auto "owned or operated by or rented or loaned to any insured." The policy's definition of an "insured" in paragraph II.2.a. included employees acting within the scope *1269 of their employment or "performing duties related to the conduct" of Lencon's business. If the policy ended with this definition of an insured, then clearly there would have been no coverage for the injury to Pitts, since Maynard would be characterized as an insured under the policy.
However, the effect of the endorsement was to eliminate that portion of the policy including employees within the policy definition of an insured. Under the policy as modified by the endorsement, the only defined "insureds" are the corporation, its executive officers, and directors. Given this limitation on the definition, one reasonable reading of the auto exclusion is that Maynard's truck was not "owned or operated by or rented or loaned to any insured" within the meaning of the policy. Another potential reading is that when Maynard used his truck to perform corporate business he loaned it to the corporation, an interpretation that would trigger the operation of the exclusion. As we have observed, where an exclusion is "capable of being fairly and reasonably read both for and against coverage, the exclusionary clause will be construed in favor of coverage." Deni Assocs., 678 So.2d at 401.
We distinguish this case from that primarily relied upon by Union American, Michael Carbone, Inc. v. General Accident Insurance Co., 937 F.Supp. 413 (E.D.Pa. 1996). That case involved the construction of a general liability policy containing an automobile exclusion similar to that in this case; however, the policy in Carbone did not contain an endorsement that excluded employees as defined insureds under the policy, as did Union American's policy. In this case, it is the operation of the endorsement on the language of the policy that creates the ambiguity which compels the result we reach.
AFFIRMED.
DELL and STONE, JJ., concur.