927 So.2d 184 (2006)
AMERICAN STRATEGIC INSURANCE CO., Appellant,
v.
Mary Ellen LUCAS-SOLOMON, Brieanna Lucas, a minor, by and through her mother and next of kin, Mary Ellen Lucas-Solomon, Melvin Eugene Kennedy, Margaret Edith Kennedy, and Caitlyn Kennedy, by and through her parents and next of kin, Melvin Eugene Kennedy and Margaret Edith Kennedy, Appellees.
No. 2D05-1862.
District Court of Appeal of Florida, Second District.
April 28, 2006.
*185 Steven G. Schwartz and David J. Pascuzzi of Schwartz & Horwitz, PLC, Boca Raton; and Jason T. Salgado of Terrana Perez Salgado, P.A., Tampa, for Appellant.
Raymond T. Elligett, Jr., of Schropp, Buell & Elligett, P.A., Tampa; and Joseph W. Chambers of Chambers Law Group, P.A., St. Petersburg, for Appellees Mary Ellen Lucas-Solomon and Brieanna Lucas.
Aubrey O. Dicus, Jr., and Charles F. Weeks of Battaglia, Ross, Dicus & Wein, P.A., St. Petersburg, for Appellees Melvin Eugene Kennedy, Margaret Edith Kennedy, and Caitlyn Kennedy.
DAVIS, Judge.
American Strategic Insurance Company ("American Strategic") challenges the trial court's determination that the homeowners' insurance policy it issued to Melvin Eugene Kennedy and Margaret Edith Kennedy provided coverage for injuries sustained by Brieanna Lucas when she was bitten by the Kennedy family's dog. We reverse.
Brieanna's mother, Mary Ellen Lucas-Solomon, filed an action on behalf of Brieanna against the Kennedys, seeking damages for injuries Brieanna received when she was visiting the Kennedys' daughter, Caitlyn, and was bitten by the Kennedys' Rottweiler. The Kennedys notified their homeowners' insurance carrier, American Strategic, of the action, and American Strategic filed a declaratory action, seeking a determination of whether it had a duty to defend and indemnify the Kennedys. The Kennedys, Lucas-Solomon, and American Strategic all moved for summary judgment.
*186 The coverage dispute arose due to a provision contained in the American Strategic policy, which excludes coverage for bodily injury caused by "any dog owned by or kept by you." "You" is defined by the policy to include the "`named insured' shown in the Declarations and the spouse if a resident of the same household." In her complaint, Lucas-Solomon alleged that the dog was owned by Melvin and Margaret Kennedy and was owned and kept by Caitlyn Kennedy, their nine-year-old daughter. In moving for summary judgment, Lucas-Solomon and the Kennedys argued that although the dog exclusion would apply to bar coverage as to Melvin Kennedy, the named insured, and Margaret Kennedy, his wife, who are both residents of the same household and owners of the dog, the exclusion would not apply to their daughter, Caitlyn. Lucas-Solomon and the Kennedys maintained that despite Caitlyn's role as owner and keeper of the dog, she was not included in the policy definition of "you," but rather was included under the policy only as an "insured" as to which, they argued, the dog exclusion did not apply. The trial court agreed, granting the motions for summary judgment filed by the Kennedys and Lucas-Solomon and denying the motion for summary judgment filed by American Strategic.
Our review of an order granting summary judgment is de novo, Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000), as is the interpretation of an insurance contract and the determination of whether the law requires the insurer to provide coverage, Hartford Ins. Co. of the Midwest v. Bellsouth Telecomm., Inc., 824 So.2d 234 (Fla. 4th DCA 2002).
Because an insurance policy is a contract between the insurer and the insured, contract principles apply to its interpretation. State Farm Fire & Cas. Ins. Co. v. Deni Assocs. of Fla., Inc., 678 So.2d 397 (Fla. 4th DCA 1996), approved, 711 So.2d 1135 (Fla.1998).
A contract should be construed to give effect to the intent of the parties. . . . "In interpreting an insurance contract we must consider the intent and reasonable expectations of the parties in entering into the agreement. Hence, we must evaluate not only [the insurer's] contract form, but also [the insured's] knowledge and understanding as a layman and his normal expectation of the extent of coverage of the policy."
Commerce Nat'l Bank in Lake Worth v. Safeco Ins. Co. of Am., 252 So.2d 248, 252 (Fla. 4th DCA 1971) (alterations in original) (quoting Gray v. Zurich Ins. Co., 65 Cal.2d 263, 54 Cal.Rptr. 104, 419 P.2d 168, 172 n. 7 (1966)). When an exclusion is ambiguous or is susceptible of more than one meaning, it must be construed in favor of the insured. See Excelsior Ins. Co. v. Pomona Park Bar & Package Store, 369 So.2d 938 (Fla.1979). However, there must be a "genuine inconsistency, uncertainty, or ambiguity in meaning" that remains after the application of "the ordinary rules of construction" before this rule is applied. Id. at 942; see also State Farm Mut. Auto. Ins. Co. v. Pridgen, 498 So.2d 1245, 1248 (Fla.1986). To properly interpret an exclusion in a policy, the exclusion must be read together with the other provisions of the policy and "from the perspective of an ordinary person." Union Am. Ins. Co. v. Maynard, 752 So.2d 1266, 1268 (Fla. 4th DCA 2000).
Applying these principles, we conclude that the trial court erred in finding coverage. Our reading of the exclusion leads us to determine that, after ordinary rules of construction are applied, there is no genuine inconsistency or ambiguity. It is a strained reading to suggest that American Strategic intended to exclude the named *187 insured and his or her spouse from coverage for injuries resulting from an incident involving their dog, while at the same time intending to provide coverage for the named insureds' nine-year-old daughter who owns the dog with them jointly. Further, reading the exclusion from the perspective of an ordinary person and in conjunction with the rest of the policy does not support a finding that the Kennedys' daughter had coverage that her parents did not enjoy. To suggest that a nine-year-old "owned and kept" a dog as separate and distinct from the ownership of her parents is contrary to the understanding of an "ordinary person." In our society, a nine-year-old's "ownership" of a pet is ordinarily understood to be dependent upon the parent's ownership of the pet. To make the finding that the trial court made here is to grant to the daughter, an additional insured, more coverage than the policy grants to the named insureds. See Bellsouth Telecomm., 824 So.2d 234. We cannot conclude that such coverage was the intent of the parties based on the understanding of the words used in the policy from the perspective of an ordinary person.
Given our conclusion that there is no ambiguity, we need not resort to the rule that dictates an interpretation in favor of coverage. Accordingly, we reverse and remand for entry of a summary judgment in favor of American Strategic.
Reversed and remanded.
WHATLEY and WALLACE, JJ., Concur.