ORFINGER, J.
Raziya Botee appeals the trial court’s final summary judgment entered in favor of Southern Fidelity Insurance Company (“SFIC”). We affirm.
Botee owned a single-family home, which was insured under an SFIC insurance policy (“the Policy”). The Policy included all-risk coverage on the structure, Coverage A, subject to certain exclusions. One exclusion, the vacancy exclusion, excluded coverage for losses caused by “vandalism and malicious mischief, theft or attempted theft” if the dwelling had been vacant or unoccupied for more than thirty consecutive days immediately before the loss. The Policy also provided named perils coverage, Coverage C, for personal property. The perils named in Coverage C included “fire or lightning” and “vandalism or malicious mischief.”
On October 10, 2012, an intentionally set fire destroyed Botee’s home, which had been vacant for more than thirty consecutive days. Following the fire, Botee filed a claim with SFIC for the loss. SFIC denied Botee’s claim, asserting that the intentionally set fire was an act of “vandalism and malicious mischief’ excluded under Coverage A as the property had been vacant for more than thirty consecutive days immediately prior to the loss. Botee then filed a declaratory action, requesting the trial court to determine whether the Policy covered her loss. She later filed a motion for summary judgment, conceding that while the property had been vacant for more than thirty days prior to the fire, the vacancy exclusion in Coverage A applied only to “vandalism and malicious mischief,” not “fire.”[1] The trial court denied Botee’s motion and entered final summary judgment in favor of SFIC, holding that the vacancy exclusion in Coverage A of the Policy was unambiguous and that the term “vandalism and malicious mischief’ encompassed arson within its plain and ordinary meaning.[2] Thus, the court concluded that SFIC was' correct in denying Botee’s claim.
It is undisputed that the property had been vacant for more than thirty consecutive days immediately prior to the fire. Therefore, the only issue is whether arson is encompassed within the “vandalism and malicious mischief’ provision to exclude coverage under Coverage A of the Policy, or if the provision is ambiguous. Arson is not mentioned in the Policy under any section. Likewise, the Policy fails to *186 define either “vandalism and malicious mischief’ or “fire.” When a term in an insurance policy is undefined, it should be given its plain and ordinary meaning, and courts may look to legal and non-legal dictionary definitions to determine such a meaning. Barcelona Hotel, LLC v. Nova Cas. Co., 57 So.3d 228, 230-31 (Fla. 3d DCA 2011); Harrington v. Citizens Prop. Ins. Corp., 54 So.3d 999, 1001 (Fla. 4th DCA 2010); State Farm Fla. Ins. Co. v. Campbell, 998 So.2d 1151, 1153 (Fla. 5th DCA 2008); Martinez v. Iturbe, 823 So.2d 266, 267 (Fla. 3d DCA 2002). However, the lack of an operative term’s definition does not, by itself, create an ambiguity. State Farm Fire & Cas. Co. v. CTC Dev. Corp., 720 So.2d 1072 (Fla.1998); Kepler v. Ga. Int’l Life Ins. Co., 538 So.2d 940 (Fla. 2d DCA 1989). Neither is a provision considered ambiguous simply because it is complex and requires analysis to interpret it. Garcia v. Fed. Ins. Co., 969 So.2d 288, 291 (Fla.2007); Swire Pac. Holdings Inc. v. Zurich Ins. Co., 845 So.2d 161 (Fla. 2003); Koenigsberg v. Intercontinental Ins. Co., 571 So.2d 578 (Fla. 4th DCA 1990).
A policy is only considered ambiguous if the policy language is susceptible to more than one reasonable interpretation, one providing coverage and the other limiting coverage. See State Farm Fire & Cas. Co. v. Steinberg, 393 F.3d 1226, 1230 (11th Cir.2004); TIG Ins. Co. v. Smart Sch., 401 F.Supp.2d 1334, 1342 (S.D.Fla.2005); Fayad v. Clarendon Nat’l Ins. Co., 899 So.2d 1082, 1086 (Fla.2005); Travelers Indem. Co. v. PCR Inc., 889 So.2d 779, 785 (Fla.2004); J.S.U.B., Inc. v. U.S. Fire Ins. Co., 906 So.2d 303, 307 (Fla. 2d DCA 2005). When an exclusion is ambiguous or is susceptible to more than one meaning, it must be construed in favor of the insured. See Allstate Ins. Co. v. Ginsberg, 235 F.3d 1331, 1337 (11th Cir.2000); Excelsior Ins. Co. v. Pomona Park Bar & Package Store, 369 So.2d 938, 942 (Fla.1979). However, there must be a “genuine inconsistency, uncertainty, or ambiguity in meaning” that remains after the application of “the ordinary rules of construction” before this rule is applied. Id.; see also State Farm Mut. Auto. Ins. Co. v. Pridgen, 498 So.2d 1245, 1248 (Fla.1986). To properly interpret an exclusion in a policy, the exclusion must be read together with the other provisions of the policy and “from the perspective of an ordinary person.” Am. Strategic Ins. Co. v. Lucas-Solomon, 927 So.2d 184, 186 (Fla. 2d DCA 2006) (quoting Union Am. Ins. Co. v. Maynard, 752 So.2d 1266, 1268 (Fla. 4th DCA 2000)). The court looks at the policy language to determine what a reasonably prudent insured would understand the language to mean. Marshall v. Kan. Med. Mut. Ins. Co., 276 Kan. 97, 73 P.3d 120, 130 (2003).
Webster’s Dictionary defines “vandalism” as “willful or malicious destruction or defacement of public or private property” and “malicious mischief’ as “willful, wanton, or reckless damage to or destruction of another’s property.” Webster’s Tenth New Collegiate Dictionary 702, 1301 (10th ed. 2000). “Arson” is defined as “the willful or malicious burning of property (as a building) esp. with criminal or fraudulent intent.” Id. at 64. Indeed, Botee concedes that “[a] fair argument can be made that arson is a form of vandalism.” However, she argues that the Policy is ambiguous because the vacancy exclusion in Coverage A does not specifically refer to arson or fire.
Based on the definitions of the words, most courts hold that the destruction of *187 property by an intentionally set fire is encompassed within the term “vandalism and malicious mischief.” See, e.g., Am. Mut. Fire Ins. Co. v. Durrence, 872 F.2d 378, 379 (11th Cir.1989) (holding that common sense interpretation of policy’s “vandalism and malicious mischief’ exclusion provision suggested it would encompass arson); United Capital Corp. v. Travelers Indem. Co. of Ill., 237 F.Supp.2d 270, 274 (E.D.N.Y.2002) (“[C]ourts generally agree that the ordinary use of the word vandalism would include an arson.”); Mut. Fire Ins. Co. of Calvert Cnty. v. Ackerman, 162 Md.App. 1, 872 A.2d 110, 118 (Md.Ct.Spec.App.2005) (finding that “a reasonable layperson reading only the dwelling coverage section could infer, under the broader definition, that ‘vandalism’ included intentionally set fires”).
Although no Florida appellate decision has squarely addressed the issue presented in this case, other jurisdictions have addressed similar policies and found that “vandalism,” included arson in all-risk policies that did not distinguish between “fire” and “vandalism,” as is the case here. In Battishill v. Farmers Alliance Ins. Co., 139 N.M. 24, 127 P.3d 1111, 1115 (2006), the Supreme Court of New Mexico was asked to address a similar question with terms and policy provisions like those of the instant case. As here, in Battishill a home, damaged by an intentionally set fire, had been vacant for more than thirty consecutive days prior to the fire, and did not contain any personal property. Id. at 1112. The policy in Battishill provided for all-risk coverage (subject to various exclusions) on the structure and named perils coverage on personal property caused by specific perils such as “fire or lightning” and “vandalism or malicious mischief.” The structure coverage contained an exclusion for loss resulting from “[vandalism and malicious mischief if the dwelling has been vacant for more than 30 consecutive days immediately before the loss.” Id. at 1114-15. Based on its determination of the common and ordinary meaning of the terms used in the exclusion provision, the Battishill court held that arson was a form of vandalism and malicious mischief. Id. at 1115. Since the court found that the exclusion was clear and unambiguous, it was unnecessary to read both the all-risk (structure) provision and the named perils (personal property) provision together, as the loss was only to the structure. The court concluded that coverage was excluded under the policy. Id. We agree with the analysis in Battishill.
Likewise, Costabile v. Metropolitan Property & Casualty Insurance Co., 193 F.Supp.2d 465, 478 (D.Conn.2002), held that “vandalism” was unambiguous and included “arson.” The policy in Costabile provided all-risk coverage for the structure, and did not list vandalism and fire as separate causes of loss. The personal property coverage was for named perils, including fire. Id. at 474. The court noted that “damage to the dwelling or private structures and damage to personal property are separate and distinct types of coverage contained in a single policy.” Id. The court determined that “vandalism” included “arson” based on the clear and plain meaning of the terms within the context of the distinct provisions of the policy. Id. at 476-77; see also Durrence, 872 F.2d at 379 (finding that, based on common sense interpretation of vandalism provision in vacancy exclusion, exclusion would apply to arson fire); Estes v. St. Paul Fire & Marine Ins. Co., 45 F.Supp.2d 1227, 1229 (D.Kan.1999) (finding that “vandalism” exclusion included arson); Potomac Ins. Co., of Ill. v. NCUA a/k/a Nat’l Credit Union Ass’n, No. 96 C 1044, 1996 WL 396100, at *188 *4 (N.D.Ill. July 12, 1996) (holding that ordinary meaning of “vandalism” in all-risk policy included arson); Bear River Mut. Ins. Co. v. Williams, 153 P.3d 798, 801 (Utah Ct.App.2006) (determining that vandalism and malicious mischief exclusion encompassed arson).[3]
Here, the Policy provides all-risk coverage against direct physical loss to the structure under Coverage A, the structure provision, and named perils coverage for direct physical loss to the contents of the structure under Coverage C, a separate personal property provision. There is no reason to consider Coverage C in order to determine the meaning of Coverage A. Each are separate and distinct provisions, though common policy definitions and general conditions and provisions would control both. Although arson could be included within “fire or lightning,” these terms appear only in Coverage C, the personal property provision, not Coverage A, the structure provision. As the loss in the instant case was only to the structure and not to any personal property, it is only necessary to read Coverage A and the general conditions and definitions applicable to the entire Policy. In that context, we conclude that the plain and ordinary meanings of “vandalism” and “malicious mischief’ include “arson.” We need not read Coverage C to create an ambiguity when the vacancy exclusion in Coverage A is clear on its face. For these reasons, we affirm the trial court’s final summary judgment.
AFFIRMED.
BERGER and LAMBERT, JJ„ concur.

. Specifically, Botee argues that:
The terms "fire" and "vandalism and malicious mischief” are not defined in the insurance contract. "Fire” and “vandalism and malicious mischief” are separate covered perils under the insurance policy, but only "vandalism and malicious mischief” is contained in the Vacancy Exclusion, and the exclusion fails to explicitly list arson, a form of fire for which there is coverage separate and distinct from vandalism and malicious mischief. As such, there is an inherent ambiguity as to the scope of the Vacancy Exclusion, particularly when the insurance contract is read in its entirety as required by the rules of interpretation. This ambiguity must be resolved in favor of coverage; if the Vacancy Exclusion can be interpreted to include arson as a form of vandalism, or to exclude arson as fire (a separate covered peril from vandalism), then it must be interpreted to exclude arson and to provide fire coverage.

. Because the ruling was dispositive of all issues, the parties stipulated that the court enter a final judgment in favor of SFIC, without waiving Botee’s right to appeal.

. We recognize that a number of other courts have held that “vandalism” excludes arson or that the term is ambiguous. However, the provisions at issue in those cases involved named perils coverage that distinguished between "fire” and "vandalism.” See, e.g., Fort Lane Vill., L.L.C. v. Travelers Indem. Co. of Am., 805 F.Supp.2d 1236, 1241 (D.Utah 2011); Bates v. Hartford Ins. Co. of Midwest, 787 F.Supp.2d 657, 663 (E.D.Mich.2011); United Capital, 237 F.Supp.2d at 274; Nationwide Mut. Fire Ins. Co. v. Nationwide Furniture, Inc., 932 F.Supp. 655, 657 (E.D.Pa.1996); Cipriano v. Patrons Mut. Ins. Co. of Conn., No. 4100708, 2005 WL 3665306, at *1 (Conn.Super.Ct. Dec. 23, 2005); MDW Enter., Inc. v. CNA Ins. Co., 4 A.D.3d 338, 772 N.Y.S.2d 79 (N.Y.App.Div.2004); Am. States Ins. Co. v. Rancho San Marcos Props., LLC, 123 Wash.App. 205, 97 P.3d 775 (2004). In contrast, the policy in the instant case is distinguishable because it contains both all-risk and named perils coverage in two distinct sections of the policy.